UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

**THURMAN BAKER,**

    Plaintiff,

                                    Case No.: 10-

v.

**NORTHFIELD TOWNSHIP, JEFFREY DAVIDSON**
**and NICOLE FORD, in their individual and official**
**capacities as officer/sergeant, WASHTENAW COUNTY,**
**RICK VISER in his individual and official capacity as**
**the medical director of WASHTENAW COUNTY jail and**
**SECURECARE, INC., a Michigan Corporation.**

    Defendants.
_____/
**ROMANZI ATNIP, P.C.**
**CRAIG S. ROMANZI (P45549)**
**HEIDI A. TANNER (P61953)**
Attorneys for Plaintiffs
2850 Dixie Highway
248-674-4404
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

There is no other civil action between these parties
arising out of the same transaction or occurrence
alleged in this complaint.

NOW COMES the Plaintiff, THURMAN BAKER, by and through his attorneys, ROMANZI ATNIP, P.C., and for his Complaint against the above-captioned Defendants states:

**JURISDICTION & PARTIES**

1

1. This is a 42 U.S.C. §1983 civil action alleging deprivation of adequate medical care during pre-trial confinement in violation of the Fourth, Eighth and the Fourteenth Amendments of the United States Constitution.

2. This Court has jurisdiction of this civil action pursuant to Title 28 of the United States Code, sections 1331 and 1343 and dependant jurisdiction over State claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims.

3. Plaintiff, Thurman Baker, (hereinafter referred to as "Baker") at all times relevant hereto was an arrestee and pre-trial detainee of the Defendant Northfield Township police department, an entity jail and in custody of the above-named individuals.

4. Plaintiff Baker, at all times relevant hereto was an arrestee and pre-trial detainee of the Defendant, Washtenaw County jail, in Ann Arbor, Michigan.

5. That based upon information and belief, Defendant Jeffrey Davidson, (hereinafter referred to as "Davidson") at all times relevant hereto was employed by Northfield Township to act as an officer out of its station located at 8350 North Main Street, Whitmore Lake, Michigan.

6. That based upon information and belief, Defendant Nicole Ford, (hereinafter referred to as "Ford") at all times relevant hereto was employed by Northfield Township to act as an officer/sergeant out of its station located at 8350 North Main Street, Whitmore Lake, Michigan.

7. That based upon information and belief, at all times relevant hereto, Defendants Davidson and Ford, were employees of Northfield Township acting within the scope of their employment, under the color of law, and were assigned to the Northfield Police Department, 8350 North Main Street, Whitmore Lake, Michigan.

8. That based upon information and belief, Defendant, Lieutenant Rick Viser, (hereinafter referred to as "Viser") at all times relevant hereto was employed by Washtenaw County to act as a Lieutenant at its jail, located at 2201 Hogback Road, Ann Arbor, Michigan.

9. That based upon information and belief, Defendant Viser was employed in a dual capacity by Washtenaw County to act as Medical Director of the Washtenaw County Jail.

10. That based upon information and belief, Defendant SecureCare, Inc. as a 75% owned company by Integrated Medical Resources, Inc. now a wholly owned subsidiary of Correctional Healthcare Companies, (hereinafter referred to as "SCI") doing business in Michigan as a Michigan Corporation at all times relevant hereto was a private company contracted by Washtenaw County to provide medical care to Defendant jail's inmates, among other services.

11. Defendant, Northfield Township is a governmental entity, organized and existing under the laws of the State of Michigan.

12. Defendant Washtenaw County is a governmental entity, organized and existing under the laws of the State of Michigan.

13. Defendant Secure Care, Inc. is a Michigan Corporation employed by Defendant Washtenaw County to provide medical treatment and services to its inmates.

14. That the Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

15. That each and all of the acts of the Defendants set forth, Davidson, Ford, Viser, Northfield Township, Washtenaw County and Secure Care, Inc. were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws,

customs, and usages of the State of Michigan, and by virtue of and under the authority of the Defendants' employment with the State of Michigan.

14. That Northfield Township is responsible for, and does in fact, hire, train, supervise, and instruct police officers, of all grades in the performance of their duties.

15. That Washtenaw County is responsible for, and does in fact, hire, train, supervise, and instruct police officers, of all grades in the performance of their duties.

16. That SecureCare, Inc., is responsible for, and does in fact, hire, train, supervise, and instruct police officers, of all grades in the performance of their duties as those duties relate to healthcare services and information.

17. That the amount in controversy exceeds $1,000,000.00 exclusive of interest, costs and fees.

## FACTUAL ALLEGATIONS

18. That Plaintiff hereby restates and re-alleges the allegations contained in paragraphs One (1) through Seventeen (17) as though fully set forth herein.

19. On October 11, 2007, Defendants Northfield Township and Washtenaw County suspected Plaintiff of road rage.

20. Defendant Washtenaw County issued a BOL (be on the look out) for a road rage type incident.

21. Defendant Davidson employee/officer of Defendant Northfield Township received the BOL and headed in the direction of the incident.

22. Upon being pulled over, Plaintiff cooperated with Defendant Davidson by placing his hands out the window as the officer approached, answered questions voluntarily, and exited his vehicle without incident.

23. Immediately upon being placed under arrest, Plaintiff advised Defendant Davidson that he had a heart condition that required medication, that all of his doctor prescribed medications were in his vehicle and further, that he had an medical emergency card with his physician's name and the medications prescribed should there be a question.

24. Upon Defendant Ford's an employee/officer of Northfield Township arrival to the scene, Defendant Davidson stated that the Plaintiff "Has heart medications and he's already whining about that".

25. Plaintiff had his medical emergency card in this wallet as immediate proof of his constant need for heart medication as he just underwent a fourth (4th) heart surgery on September 12, 2007 approximately four(4) weeks prior to the arrest.

26. Defendant Ford laughed and replied that if she were the Plaintiff she would "…have a heart attack too."

27. Defendants Davidson and Ford exhibited deliberate indifference when they refused or failed to provide Plaintiff his heart medications despite his pleas while he was in their custody.

28. Plaintiff was taken to Defendant Northfield Township's jail where he was processed and sat in a cell for hours and was refused his heart medications despite his pleas while in its custody.

29. Defendant Northfield Township exhibited deliberate indifference when it and its employees, officers, and/or personnel refused or failed to provide Plaintiff his heart medications despite his pleas while he was in its custody.

30. That Defendant Northfield Township inventoried Plaintiff's wallet and the paperwork contained therein, including his medical emergency card indicating the medications he was currently taking, including the heart medication he requested.

31. Plaintiff was transferred to the Defendant Washtenaw County's jail wherein he spent the next three days in lock up.

32. During Plaintiff's incarceration in Defendant Washtenaw County, he repeatedly requested his medications from any and all employees, medical personnel, officers, etc., for three days.

33. That during his three days of incarceration, Plaintiff was housed with another inmate who stated that he heard Baker's pleas for his heart medication.

34. Baker's bunk mate stated that Baker informed Defendant Washtenaw County's officers, employees, medical personnel, etc., that he had just undergone his fourth heart surgery on September 12, 2007 and that if he failed to take his heart medications he risked his health with another heart attack.

35. That the officers, employees, medical personnel, etc., employed, supervised and monitored by Defendant Washtenaw County refused or failed to provide/dispense Plaintiff's medications to him despite having said medications in their possession.

36. Defendant Washtenaw County jail failed to provide Plaintiff his heart medications.

37. Defendant Washtenaw County exhibited deliberate indifference when it and its employees, officers, and/or personnel refused or failed to provide Plaintiff his heart medications despite his pleas while he was in its custody.

38. Defendant Viser, the medical director for Defendant Washtenaw County's jail, failed and/or refused to provide/dispense Plaintiff's heart medications to him while incarcerated for the three days.

6

39. Defendant Viser, exhibited deliberate indifference when it and its employees, officers, and/or personnel refused or failed to provide Plaintiff his heart medications despite his pleas while he was in its custody.

40. Defendant, Secure Care, Inc., the Michigan company charged with the duty of providing medical care to Defendant Washtenaw County's jail inmates, failed and/or refused to provide/dispense Plaintiff's heart medications to him while incarcerated for three days in same.

41. Defendant, SecureCare, Inc., exhibited deliberate indifference when it and its employees, officers, and/or personnel refused or failed to provide Plaintiff his heart medications despite his pleas while he was in its custody.

37. Plaintiff continued to question medical staff day after day about whether they would be dispensing/providing his medications to him.

38. Plaintiff continued to question Washtenaw County jail's personnel, staff, officers, etc., day after day about whether they would be dispensing/providing his medications to him.

39. Defendant, Officer Jeffrey Davidson knew Plaintiff's pre-existing heart condition based upon the medical emergency card provided to him by the Plaintiff, was sufficiently serious; that the need for medical attention i.e. dispensing of the heart medications; was obvious even to a lay person.

40. Defendant, Officer Jeffrey Davidson knew Plaintiff's pre-existing heart condition based upon the medical emergency card provided to him by the Plaintiff, was sufficiently serious; that the lack of medical attention i.e. failure to dispense the heart medication, ran the serious risk of a heart attack.

41. That following Baker's release he suffered an exacerbation and/or aggravation of his pre-existing heart condition that resulted in acute renal failure, pulmonary embolus and a myocardial infarction (heart attack).

42. Defendants' actions and/or inactions were so egregious and outrageous that Baker's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

### COUNT I: VIOLATION OF 42 USC §1983, THE 8TH & 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION BY ALL DEFENDANTS.

43. Plaintiff restates and re-alleges Paragraphs 1 through 42 as though fully set forth herein.

44. As a citizen of the United States and a pretrial detainee of Northfield Township's Police Department, located in the State of Michigan, Baker was entitled to all rights, privileges and immunities granted to all citizens of the State of Michigan and of the United States of America.

45. As a citizen of the United States and a pretrial detainee of Washtenaw County's Police Department, located in the State of Michigan, Baker was entitled to all rights, privileges and immunities granted to all citizens of the State of Michigan and of the United States of America.

46. At all times relevant, the Defendants were acting in concert within the course and scope of their employment and/or contracted obligations with the State of Michigan, Northfield Township, Washtenaw County, and SecureCare, Inc., and as a result were acting under the color of state law with the authority granted to them as correction officers, supervisors, nurses, doctors and medical personnel.

8

47. At all times relevant, pursuant to the 8th Amendment of the United States Constitution, Baker had a right to be free from cruel and unusual punishment while detained, incarcerated or in the custody and care of the State of Michigan at Defendant Northfield Township's jail.

48. At all times relevant, pursuant to the 8th Amendment of the United States Constitution, Baker had a right to be free from cruel and unusual punishment while detained, incarcerated or in the custody and care of the State of Michigan at Defendant Washtenaw County's jail.

49. At all times relevant, Baker had a right to be free deliberate indifference that resulted in needless and preventable pain, suffering and distress.

50. At all times relevant Defendants individually and in collusion acted with malice recklessness and/or deliberate indifference, Defendants knowingly and willingly refused to dispense his medications to him with constitutes cruel and inhumane punishment.

51. At all times relevant, with malice, recklessness, and/or deliberate indifference, Defendants knowingly and willingly inflicted physical and psychological abuse as aforementioned.

52. Defendants subjectively perceived and disregarded risks inherent in delayed dispensing of Plaintiff's essential heart medications.

53. Plaintiff's right to adequate medical care was violated where Defendants acted deliberately indifferent to Plaintiff's serious medical needs by not following the clear medical emergency card and providing Plaintiff with his essential heart medications.

54. On October 11, 2007 through October 14, 2007, the time of the incident in this case, deliberate indifference by prison personnel to Baker's serious illness or injury

constituted cruel and inhumane punishment in violation of the 8th Amendment of the United States Constitution.   See, Estelle v Gamble, 429 U.S. 97 (1976).

55.   Defendants knew of, and completely disregarded, the "serious" medical need of Plaintiff thereby committing gross criminal recklessness because such disorder can cause a significant injury to Plaintiff's health.

56.   Defendants knew of the facts that would cause the potential risk to Plaintiff's health, they could have easily inferred that a substantial risk of serious harm existed and they completely disregarded the risk after weighting and drawing the inference of the medical need.

57.   Defendant's acts and omissions constituted an excessive risk to Baker's future health and safety.  Farmer v Brennan, 114 S.Ct. 1970, 511 U.S. 825, 837 (1994).

58.   On October 11, 2007 through October 14, 2007, the time of the incident in this case, knowledge that Baker as an inmate required medical care that was "evidenced by clinical signs and symptoms…readily observable by a reasonable person" is deliberate indifference by police officers and is a violation of the Eight Amendment of the United States Constitution.  See Howard v City of Columbus, 239 Ga. App. 399 (1999).

59.   On October 11, 2007 through October 14, 2007, the time of the incident in this case, as a pretrial detainee, Baker had the Fourteenth Amendment right to medical treatment for serious medical needs as it was a clearly established right.  See, Herflin v Steward County, 958 F.2d 709, 717 (6th Cir. 1992)

60.   The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981).

61. The absence of medical directions while detained at Defendant Northfield Township and Washtenaw County as well as the systematic deficiencies in treating Baker, amount to deliberate indifference under the *Farmer* standards and are actionable against the Defendants. *Andrews v Camden County,* 95 F.Supp.2d. 217, 227-234 (DNJ 2000).

62. As a direct result and proximate result of the action and/or omissions of Defendants, Baker suffered:

    a.    acute renal failure

    b.    pulmonary embolus

    c.    short term memory loss and inability to concentrate

    d.    myocardial infarction

    e.    humiliation, degradation and embarrassment

    f.    fear, anxiety and extreme mental anguish

    g.    emotional trauma

    h.    violation of his Constitutional Rights under the United States Constitution, specifically Amendments 8, and

    i.    economic and non-economic damages related to the above.

63. Through the aforementioned acts and/or omissions, Defendants have deprived Baker of his rights secured by the 8th Amendment of the Constitution of the United States in violation of 42 U.S.C. §1983.

**COUNT II: 42 U.S.C. §1983 VIOLATIONS BY NORTHFIELD TOWNSHIP**

64. Plaintiff restates and re-alleges Paragraphs 1 through 63 as though fully set forth herein.

65. Defendant, Northfield Township acted recklessly and/or with deliberate indifference to the constitutional rights of persons being detained, housed or held at its jail, when it practiced or permitted customs and/or policies that resulted in its violations of Plaintiff.

66. It was the policy and/or custom of Defendant Northfield Township to knowingly ignore the medical needs of its vulnerable inmates.

67. It was the policy and/or custom of Defendant Northfield Township to inadequately train and supervise its officers, employees and/or personnel working on patrol relative to the handling of immediate medical needs of the arrestees.

68. It was the policy and/or custom of Defendant Northfield Township to inadequately train and supervise its officers, employees and/or personnel working at the station/jail relative to the handling of immediate medical needs of the arrestees.

69. It was the policy and/or custom of Defendant Northfield Township to ignore and/or refuse the medical needs and requests for medical attention from its arrestees.

70. At all times relevant, it was the policy and/or custom of Defendant Northfield Township to inadequately train and supervise its officers, employees and/or personnel with respect to the constitutional rights of the arrestees, thereby creating the atmosphere among the officers, employees and/or personnel, that the above described violations towards Baker were acceptable and would go unpunished.

71. At all times relevant, it was the policy and/or custom of Defendant Northfield Township to inadequately train, supervise, review and/or discipline its officers, employees, and/or personnel whom Northfield Township knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting

and/or encouraging its officers, employees, and/or personnel to engage in illegal conduct.

72. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to Baker.

73. Defendants' indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's pain, suffering, humiliation, embarrassment and mental anguish.

74. For the reasons stated above, Plaintiff respectfully requests this Court to award him exemplary, compensatory and punitive damages, plus costs, interest and attorney fees as set forth in 42 U.S.C. §1983.

## COUNT III: 42 U.S.C. §1983 VIOLATIONS BY WASHTENAW COUNTY

75. Plaintiff restates and re-alleges Paragraphs 1 through 74 as though fully set forth herein.

76. Defendant, Washtenaw County acted recklessly and/or with deliberate indifference to the constitutional rights of persons being detained, housed or held at its jail, when it practiced or permitted customs and/or policies that resulted in its violations of Plaintiff.

77. It was the policy and/or custom of Defendant Washtenaw County to knowingly ignore the medical needs of its vulnerable inmates.

78. It was the policy and/or custom of Defendant Washtenaw County to inadequately train and supervise its officers, employees and/or personnel working on patrol relative to the handling of immediate medical needs of the arrestees.

79. It was the policy and/or custom of Defendant Washtenaw County to inadequately train and supervise its officers, employees and/or personnel working at the station/jail relative to the handling of immediate medical needs of the arrestees.

80. It was the policy and/or custom of Defendant Washtenaw County to ignore and/or refuse the medical needs and requests for medical attention from its arrestees.

81. At all times relevant, it was the policy and/or custom of Defendant Washtenaw County to inadequately train and supervise its officers, employees and/or personnel with respect to the constitutional rights of the arrestees, thereby creating the atmosphere among the officers, employees and/or personnel, that the above described violations towards Baker were acceptable and would go unpunished.

82. At all times relevant, it was the policy and/or custom of Defendant Washtenaw County to inadequately train, supervise, review and/or discipline its officers, employees, and/or personnel whom Washtenaw County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its officers, employees, and/or personnel to engage in illegal conduct.

83. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to Baker.

84. Defendants' indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's pain, suffering, humiliation, embarrassment and mental anguish.

85. For the reasons stated above, Plaintiff respectfully requests this Court to award him exemplary, compensatory and punitive damages, plus costs, interest and attorney fees as set forth in 42 U.S.C. §1983 and §1988.

**COUNT IV: NEGLIGENCE & GROSS NEGLIGENCE OF ALL DEFENDANTS**

86. Plaintiff restates and re-alleges Paragraphs 1 through 85 as though fully set forth herein.

87. At all times relevant, Defendants Davidson, Ford, Northfield Township, Visel, Washtenaw County and SecureCare, Inc., and all other personnel at the facilities listed

within this paragraph that had knowledge of and/or came in contact with Baker, individually and/or through their acts as employees and/or agents, breached their duty to Baker when they showed a deliberate indifference to his medical needs thus violating his 8th and 14th Amendments against cruel and unusual punishment, as well as his right to Due Process.

88. At all times relevant, Defendants Davidson, Ford, Northfield Township, Visel, Washtenaw County and SecureCare, Inc., and all other personnel at the facilities listed within this paragraph that had knowledge of and/or came in contact with Baker, individually and/or through their acts as employees and/or agents, exhibited a deliberate indifference by intentional acts and/or omissions amounting to gross negligence

89. Defendants Northfield Township and Washtenaw County failed to take any preventative or remedial measures to guard against conduct of the other Defendant as set forth more fully herein.

90. Had Defendants Northfield Township and Washtenaw County supervised, trained, reviewed and/or taken measures such as listening to Baker and reading his medical emergency card, Baker would not have suffered the deprivation of rights as set forth herein.

91. That the failures of Defendants Northfield Township and Washtenaw County amounted to indifference, or deliberate misconduct, which directly caused the deprivations suffered by Baker.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

a) Find that Defendants Davidson and Ford's actions constituted inadequate medical treatment for a serious medical need in violation of Plaintiff's Fourteenth Amendment Right not to be deprived of adequate medical care during pretrial confinement under the Due Process Clause, where Defendants knew Plaintiff had a pre-existing heart condition, had just undergone his fourth (4th) heart surgery on September 12, 2007 and required heart medications, the risks inherent in delayed or refused medical attention, had clear instructions per the medical emergency card and failed to follow those instructions, which then led to an exacerbation and aggravation of Plaintiff's pre-existing heart condition;

b) Find that Defendants Davidson and Ford's actions constituted inadequate medical treatment for a serious medical need in violation of Plaintiff's Fourteenth Amendment Right not to be deprived of adequate medical care during pretrial confinement under the Due Process Clause, where Defendants knew Plaintiff had a pre-existing heart condition, had just under his fourth heart surgery on September 12, 2007 and required heart medications, the risks inherent in delayed or refused medical attention, had clear instructions per the medical emergency card and failed to follow those instructions, which then resulted in acute renal failure, pulmonary embolus and a myocardial infarction (heart attack);

c) Award Plaintiff compensatory damages jointly and separately against Defendants Davidson, Ford, Viser, Northfield Township and Washtenaw County in an amount in excess of One Million dollars ($1,000,000.00);

d) Award Plaintiff punitive damages jointly and separately against Defendants Davidson, Ford, Viser, Northfield Township and Washtenaw County in an amount in excess of One Million dollars ($1,000.000.00);

16

e) Grant such other relief as this Court deems just and equitable.

Dated: October 11, 2010                    Respectfully submitted,

/s/ Heidi A. Tanner
_____
ROMANZI ATNIP, P.C.
Attorneys for Plaintiff
Craig S. Romanzi (P45549)
Heidi A. Tanner (P61953)
2850 Dixie Highway
Waterford, MI 48328
(248) 674-4404
craig@romanziatnip.com
heidi@romanziatnip.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

**THURMAN BAKER,**

       Plaintiff,

                                    Case No.: 10-

v.

**NORTHFIELD TOWNSHIP, JEFFREY DAVIDSON
and NICOLE FORD, in their individual and official
capacities as officer/sergeant, WASHTENAW COUNTY,
RICK VISER in his individual and official capacity as
the medical director of WASHTENAW COUNTY jail and
SECURECARE, INC., a Michigan Corporation.**

       Defendants.
_____/
**ROMANZI & ATNIP, P.C.
CRAIG S. ROMANZI (P45549)
HEIDI A. TANNER (P61953)**
Attorneys for Plaintiffs
2850 Dixie Highway
248-674-4404
_____/

## DEMAND FOR TRIAL BY JURY

    NOW COMES the Plaintiff, THURMAN BAKER, by and through his attorneys, ROMANZI ATNIP, P.C., and hereby demands a jury trial.

                            Respectfully submitted,

                            /s/ Heidi A. Tanner
                            _____
                            ROMANZI Atnip, P.C.
                            Attorneys for Plaintiff
                            Craig S. Romanzi (P45549)
                            Heidi A. Tanner (P61953)
                            2850 Dixie Highway
                            Waterford, MI 48328
                            (248) 674-4404

Dated: October 11, 2010